**Opinion filed May 20, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-08-00219-CR

_____

### QUILLA MARSH MOORE, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6290**

## M E M O R A N D U M   O P I N I O N

The jury convicted Quilla Marsh Moore of the offense of possession of cocaine in an amount of one to four grams. In an enhancement paragraph, the State alleged that appellant had previously been convicted of felony possession of cocaine. The jury found that allegation to be true and assessed his punishment at confinement for twenty years and a fine of $10,000. We affirm.

In a single issue, appellant claims that the evidence is both legally and factually insufficient to support the verdict. Specifically, he attacks only the possession element of the offense. In a legal sufficiency review, we examine all of the evidence in the light most favorable to the verdict and

determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008). That standard is the same in both direct and circumstantial evidence cases, and circumstantial evidence is just as probative as direct evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

When we perform a factual sufficiency review, we again review all of the evidence, but in a neutral light. We determine whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. *Steadman v. State*, 280 S.W.3d 242, 246, 247 n.15 (Tex. Crim. App. 2009). We give great deference to the jury's verdict. *Id.*

In a case of this nature, the State must prove that appellant exercised care, custody, control, or management over the cocaine and that he knew it was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Brown v. State*, 243 S.W.3d 141, 148 (Tex. App—Eastland 2007, pet. ref'd). The State must also prove that appellant's connection with the contraband was more than fortuitous. *Brown*, 243 S.W.3d at 148. Although presence or proximity, when combined with other evidence, direct or circumstantial, may be sufficient to show possession, it is not enough to show that appellant was merely present where the contraband was found. *Id.* The purpose of this "affirmative links" rule in Texas is to provide protection to those who are present where drugs are found but who are innocent bystanders. *Id.* When one accused of possessing contraband is not in exclusive possession of the place where that contraband was found, then there must be other facts and circumstances that show an affirmative link between that person and the contraband. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). Otherwise, it cannot be concluded that the person had knowledge of and control over the contraband. *Id.* We have held that some of the affirmative links that may establish possession include: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of

2

contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id*. It is not the number of links that is dispositive but, rather, the logical force of all of the evidence, direct and circumstantial. *Evans*, 202 S.W.3d at 162.

We will examine all of the evidence presented through the lenses we have outlined above to determine first whether that evidence is legally sufficient to support the verdict. We will then examine that evidence to determine whether it is factually sufficient.

A confidential informant told Haskell County Sheriff David Halliburton that he had been in appellant's motel room in Stamford and that appellant had cocaine there. Appellant had borrowed the money to rent the room. Although one other person was with him when he rented the room, appellant was the one who rented it.

After obtaining a search warrant, various law enforcement officers executed it. During the search, the officers found, among other things, two crack pipes, a spoon, and some marihuana. They also found a grocery bag in the same nightstand drawer as the marihuana. The confidential informant had told Sheriff Halliburton that the cocaine was hidden in a window. The officers found a package of cocaine hidden in a mini blind in a window in the bathroom.

No one was in the room when the officers began the search. While they were searching the room, appellant drove up to the motel and came to the door of the room that he had rented. There were three other people with him, but appellant was the only one who came to the room. As he was trying to open the door, the officers opened it and let him in. As he entered the room, the officers arrested him.

When the officers went to the vehicle in which appellant came to the motel, they removed three people from it. The officers placed the three people on the ground beside the vehicle. Later, they found a marihuana cigarette, a razor blade, and a crack pipe under the vehicle.

One of appellant's witnesses, Erma Jones, testified that she and five other women had gone to appellant's motel earlier on the day of the arrest. The purpose of the trip was to buy crack cocaine; appellant had none, and he left the room shortly after Jones and the others got there. When he left,

3

the women stayed in the room. Jones said that three of them utilized the bathroom facilities (where the cocaine was found) before leaving the motel room. Jones also testified that crack cocaine was made from powdered cocaine and baking soda.

Appellant told the officers the marihuana and the crack pipes found in the nightstand were his. He also told them the plastic bag found in the nightstand "was the same that the cocaine was in." The officers originally thought that the plastic bag had no significance, until appellant made that statement. He denied that the powdered cocaine they found in the bathroom mini blind was his.

We believe the evidence we have outlined is both legally and factually sufficient to support the verdict of the jury that appellant knowingly and intentionally possessed the cocaine. He was the one who rented the room. When he arrived at the motel during the search, none of the passengers got out of the vehicle and came into the motel room. The informant testified that he had been in appellant's room and that appellant had cocaine hidden in a window. The officers found the cocaine as the informant had told them they would. Appellant admitted that the crack pipes and the marihuana were his. He also called the officers' attention to the fact that the plastic grocery sack was the same as that in which the cocaine was packaged. While appellant claims to be a crack smoker and claims that crack and cocaine are in a different form, his witness Jones testified that cocaine and baking soda are the ingredients for crack cocaine.

We hold that the evidence we have outlined affirmatively links appellant to the cocaine and that his presence where the cocaine was found was more than fortuitous. Any rational trier of fact could have found beyond a reasonable doubt that appellant exercised care, custody, control, or management over the cocaine. The evidence is, therefore, legally sufficient to support the verdict.

Our review of all of the evidence in a neutral light leads us to hold that the evidence supporting the verdict is neither so weak nor so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust, and it is therefore factually sufficient to support the verdict. We overrule appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


May 20, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

5